# MARY BEAN MURRAY AND OTHERS v. JAMES MULLIGAN.[1]

. January 26, 1917.

Nos. 20,114—(230).

**Trial — reinstating case on calendar upon condition.**

Action dismissed for want of prosecution. Motion to reinstate case on the calendar for trial granted on condition plaintiffs pay to defendant $68 for expenses of witness whom defendant had brought from Canada and had in attendance 14 days. Order granting the motion affirmed on appeal. [Reporter.]

Action in the district court for Sibley county. Plaintiffs procured an order requiring defendant to show cause why an order dismissing the action for want of prosecution should not be vacated and the cause placed upon the calendar for trial. The motion was heard by Morrison, J., and granted on condition that plaintiffs pay defendant $68 for the expenses of a witness whom defendant had in attendance, and $10 costs. From an order granting the motion, plaintiffs appealed. Affirmed.

Baldwin & Murphy, for appellants.

Young & Quandt, for respondent.

PER CURIAM.

This action involves the title to certain real estate in McLeod county.

[1]Reported in 160 N. W. 1032.

Notice of *lis pendens* had been filed and issue joined, when counsel for defendant informed plaintiffs' counsel that, on account of such notice having been filed, defendant would like to have the case tried at the coming June term of court which convened on the fifth day of June and accordingly noticed the case for trial.

Upon the call of the calendar on the first day of the term, counsel for defendant stated to the court that he would insist upon the trial of this case when reached in its order, for the reason that he had a witness from Canada in attendance for the purpose of testifying, and the case was so marked.

There was no appearance on the part of counsel for plaintiffs on the first day of the term, nor thereafter until after the case was dismissed, on the twenty-first day of June. On June third, counsel for plaintiffs wrote the judge, stating that, as the case was to be tried before the court, it would not be reached until after the tenth or twelfth of the month, and that he would like to have the clerk advise him when it would probably be reached, so they could be on hand. And again, on June 6, counsel wrote the clerk asking when the case might be reached for trial, that they were anxious to know as they must bring a witness from Montana. Considerable communication was had between counsel for the plaintiffs and the clerk subsequent to the writing of this letter, and on June 21, after the completion of the trial of jury cases, the clerk telephoned to counsel for the plaintiffs that their case was reached for trial and that the court would wait until the following day, June 22, at ten o'clock a. m. for them to get ready. Counsel for the plaintiffs then informed the clerk, in effect, that they were busy in court in Minneapolis and could not be ready the following day, but that they would be ready the following Monday; that one of their witnesses was in Montana and could not be gotten to attend court before that time, whereupon, at eleven o'clock on June 21, the court made an order dismissing the action for want of prosecution. Thereafter counsel procured an order to show cause why the order of dismissal should not be vacated and said cause reinstated and placed upon the calendar for trial. At the hearing upon such order, the application of the plaintiffs was granted by the court, and the case reinstated and set for trial at the special term to be held on the twenty-ninth day of August, 1916, upon the condition that the plaintiffs, on or before the twenty-fifth day of August, pay to the defendant the sum of $68, for the expenses of the witness whom defendant had in attendance from Canada, and $10 costs. From this order the plaintiffs appealed.

It appears that the defendant had procured the attendance of a witness who resided in Canada. This witness, as appears from the evidence, necessarily traveled, in coming and returning, a distance of 900 miles within the state and was in attendance in court 14 days.

The order appealed from is affirmed.